# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR407-029 |
| | ) | |
| DANILO A. AJA | ) | |

## ORDER

Convicted in 2007 for theft of public property and sentenced to 12 months probation (doc. 6), defendant Danilo A. Aja later had his probation revoked for reckless driving and testing positive for cocaine use. (Doc. 8.) Having completed his sentence, he has sent a letter to the Court asking that his record be expunged. (Doc. 21.) He cites no authority supporting an expungement, but simply states "I want my record to be expunged for future employment as I served my time and completed everything that was requested of me." (*Id.*)

If it was Aja's intent to invoke habeas corpus relief, his motion would have to be denied. *Carter v. Hardy*, 526 F.2d 314, 315 (5th Cir. 1976) (federal "habeas corpus lies essentially to challenge illegal

restraint; the writ is not available where the sentence challenged has been fully served and is not being used for enhancement purposes."). Meanwhile,

> [i]t has been recognized that "[t]here is no specific constitutional or general statutory right to expungement."[1] *United States v. Carson*, 366 F.Supp.2d 1151, 1154 (M.D. Fla. 2004), *citing*, *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699-700 (5th Cir. 1997), *cert. denied*, 523 U.S. 1077, 118 S.Ct. 1523, 140 L.Ed.2d 675 (1998). To the extent the district courts have authority to grant expungement, "the Court's privilege to expunge matters of public record is one of exceedingly narrow scope." *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). Except in cases of juveniles, the Court is unaware of a court approving the expungement of an adult conviction which was not either set aside or found to be the result of government misconduct. This is so despite the adverse consequences which result from the continued existence of a conviction appearing on the public record. Such consequences do not rise to the level of extreme circumstances which will justify expungement of a criminal conviction. *See United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977), *cert. denied*, 425 U.S. 907 (1978). As the court in *Rogers* stated, "[t]he judicial editing of history is likely to produce a greater harm than [that] sought to [be] corrected." *Rogers*, 469 F.2d at 1085.

*United States v. Goodrich*, 2008 WL 398950 at * 1 (S.D. Fla. Feb. 12, 2008) (footnotes omitted and added). The term "extreme circumstances" encompasses things like an unconstitutionally obtained indictment, arrest and/or conviction. *Allen v. Normand*, 2009 WL 2448253 at *11

---

[1] As far as the Court is aware, the only statute authorizing expungement relates to simple drug possession offenses committed by defendants who are under 21 years of age. *See* 18 U.S.C. § 3607. Aja does not qualify for expungement under that statute.

(E.D. La. Aug. 07, 2009) ("court has the power to expunge records of an unconstitutionally obtained indictment, arrest and/or conviction"). Because Aja has alleged nothing approaching that here, his request is **DENIED**.

**SO ORDERED** this   5th   day of May, 2010.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA